PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS GROSSMAN, | ) | |
| | ) | CASE NO. 5:13mc8 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ROYAL MANOR MANAGEMENT, INC., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Regarding ECF No. 7] |

Attorney Dennis Grossman, *pro se*, filed an Emergency Motion for Withdrawal of Reference of the Bankruptcy Court. ECF No. 1. The Court denied the Motion. ECF No. 5. Grossman has filed a Motion for Reconsideration. ECF No. 7. The Trustee in the underlying bankruptcy action opposes the motion (ECF No. 8); Grossman has replied (ECF No. 9). The motion is ripe for ruling.

**I.**

Pending in the underlying bankruptcy action is a motion for sanctions against Grossman. Case No. 5:08bk50421, ECF No. 953. Grossman filed his motion in the instant Court seeking withdrawal of the Bankruptcy Court reference because he alleged that 1) the Bankruptcy Court did not have the authority to award sanctions; 2) a previous decision by District Judge Gaughan acted as a *res judicata* bar on the issue; and 3) Bankruptcy Judge Shea-Stonum was biased. ECF No. 1.

The Court denied Grossman's motion, finding that the Bankruptcy Court had the authority to award sanctions pursuant to 28 U.S.C. § 1927; the matter was not previously decided

(5:13mc8)

by District Judge Gaughan; and that Bankruptcy Judge Shea-Stonum is not biased and is able to impartially decide the matter.  ECF No. 5 at 7-8.  Grossman filed a Motion for Reconsideration, contending that District Judge Gaughan's previous order acts as a *res judicata* bar, and that Bankruptcy Judge Shea-Stonum is biased.  ECF No. 7 at 7, 10.

**II.**

As District Judge Katz stated in *Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995),

> Motions for reconsideration are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In Re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D. Ind. 1994).  As such, motions for reconsideration are granted "very sparingly." *Bakari v. Beyer*, 870 F.Supp. 85, 88 (D. N.J. 1994)[, rev'd w/o opinion, 82 F.3d 404 (3rd Cir. 1996) (table)].  Generally, there are three major situations which justify a court reconsidering one of its orders: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Bermingham v. Sony Corp. of America, Inc.*, 820 F.Supp. 834, 856 (D. N.J. 1992), *aff'd*, 37 F.3d 1485 (3rd Cir. 1993).  Motions for reconsideration are not substitutes for appeal nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings.  *Karr v. Castle*, 768 F.Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom.* 22 F.3d 303 (3rd Cir. 1994), *cert. denied sub nom.*, [513] U.S. [1084], 115 S.Ct. 739, 130 L.Ed.2d 641 (1995).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database America, Inc., v. Bellsouth Advertising & Pub. Corp.*, 825 F.Supp. 1216, 1220 (D. N.J. 1993), citing *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990).

Because Grossman has neither pointed to a change in the controlling law, nor presented new evidence not previously available, his motion for reconsideration ostensibly seeks to remedy a clear legal error, or to prevent an obvious injustice.  Grossman, however, reasserts that which has already been presented to the Court.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd

(5:13mc8)

Cir. 1995) (a motion to reconsider should not be granted where the moving party seeks only to relitigate an issue already decided); *Torre v. Federated Mutual Insurance Co.*, 906 F.Supp. 616, 618 (D. Kan. 1995) ("A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected."), *aff'd*, 124 F.3d 218 (10th Cir. 1997) (table).

Accordingly, Grossman's Motion for Reconsideration (ECF No. 7) is denied.

**III.**

For the reasons stated above, the Court denies Grossman's Motion for Reconsideration (ECF No. 7).

The matter is closed.

IT IS SO ORDERED.

 March 12, 2013                     */s/ Benita Y. Pearson*
Date                                Benita Y. Pearson
                                    United States District Judge